HAMITER, Justice.
A bill of indictment filed in this cause charged that “ * * * J. L. Ferguson, the deputy Registrar of Voters for Winn Parish, Louisiana, did go to unusual places under the pretence of affording an opportunity to voters to register to vote, * * *.” (Italics ours.)
After trial the district judge found the named defendant guilty as charged, overruled his motion in arrest of judgment, and sentenced him to serve ninety days in jail (thirty days of the sentence was suspended on account of his age and health).
The matter is presently before us by virtue of an exercise of our supervisory powers.
In the capacity of deputy registrar of voters for Winn Parish, as before shown, this defendant is charged with the violation of LRS 18:73, subd. A which (insofar as pertinent) recites : “No registrar shall open his office on a boat or water craft. He * * * shall at no time go to unusual places under the pretense of affording an opportunity to voters to register. * * *
“Whoever violates this prohibition shall be imprisoned for not less than sixty days nor more than six months.” And the state contends, according to its brief filed here, that the word “registrar” as used in such statute “means anyone who registers voters including the registrar and deputy registrar.." (Italics ours.)
Assuming arguendo the correctness of that contention we are of the opinion *521 'that the motion in arrest of judgment should have been sustained for the reason that this defendant could not have been and was not, as charged in the indictment under which he was tried, a deputy registrar of voters for Winn Parish. Authority for the appointment of deputy registrars of voters in Louisiana is to be found in LRS 18:6 (as amended), and no provision is contained therein for the naming of such an official to serve in the Parish of Winn. Hence, the accused was no more than a clerk or an employee of the duly qualified registrar of voters of such parish.
Alternatively, the state argues that the defendant “at least was a de facto deputy registrar”. But this argument is without merit, because the existence of a de jure office is a necessary condition of a de facto officer. See Gamier v. Louisiana Milk Commission, 200 La. 594, 8 So.2d 611.
For the reasons assigned the writs heretofore issued are made peremptory, the conviction and sentence of the defendant are annulled, and it is ordered that he be discharged.